**Associate Textile Systems, Inc. v. McSorley**

*Michael R. Freed,* for plaintiff.
*George A. Conti, Jr.,* for defendant.

LOUGHRAN, *J.,* August 23, 1985—

## HISTORY

Plaintiff Associated Textile Systems, Inc. (hereinafter plaintiff) filed suit to recover unpaid bills for services rendered to McSorley's Restaurant and Embers Restaurant, both owned and operated by George McSorley (hereinafter defendants), on October 10, 1984. Suit was filed at Magisterial District 10-3-10, Scottdale, with District Justice J. Bruce King. Plaintiff obtained a judgment for $3,236.90 on October 31, 1984. Because the judgment was not satisfied by payment, plaintiff filed a request for order of execution on December 10, 1984, with instructions to the constable to levy on property as quickly as possible. On January 2, 1985, defendants filed a praecipe for writ of certiorari with the Common Pleas Court of Westmoreland County. The praecipe alleged:

1. Lack of jurisdiction over the subject matter,
2. Lack of jurisdiction over George McSorley and
3. Such gross irregularity of procedure as to make the judgment void.

A hearing was initially scheduled for April 18, 1985 but was continued by the parties and rescheduled for June 25, 1985, at which time this court heard arguments from the attorneys and reviewed the record in regard to the petition for writ of certiorari so filed by defendant George McSorley.

At the conclusion of the hearing on June 25, 1985 this court advised the attorneys that it would enter an order on what it determined to be a relatively simplistic matter and if one of the attorneys took an appeal the court would file a delayed opinion in support of its order.

On July 18, 1985, attorney George A. Conti, Jr., on behalf of defendant George McSorley, filed an appeal and this court renders this opinion in support of its order.

## DELAYED OPINION

Initially this court must determine the scope of its review of the record established before District Justice Bruce King on October 31, 1984. The record reveals that judgment was obtained against defendant on October 31, 1984. The record further reveals that the praecipe for writ of certiorari filed by defendant McSorley, was not filed until January 2, 1985 or 63 days after judgment was rendered.

Pennsylvania Rules of Civil Procedure for District Justices 1009(b), entitled "Praecipe for Writ of Certiorari," states:

"If lack of jurisdiction over the parties or the subject matter is claimed, the praecipe may be filed at any time after judgment. Otherwise it *shall* be filed within 30 days after the date of the judgment." (Emphasis added; effective May 25, 1979.)

The plain meaning of the statute is to announce that there is no time limit for filing of a praecipe for writ of certiorari when the objection is lack of jurisdiction of either subject matter or party(ies); however, it is equally clear from the language of the rule and the following minor court civil procedural rules

committee note that any objection must be filed within 30 days:

"Under subdivision B, the Praecipe for Writ of Certiorari *must* be filed *within 30 days after the date* of judgment, except when a question of jurisdiction is raised." (Emphasis added.)

The language of both the rule and the note is emphatic and mandatory, not discretionary. Therefore, defendants are not permitted by this writ to raise a claim of such gross irregularity of procedure as to make the judgment void. Hence, claims made by defense attorney George Conti at the hearing of June 25, 1985 arguing that the record below was defective are not well taken because they violated this rule of procedure and thus the court is limited to review matters of jurisdiction.

When court was convened on June 25, 1985 attorney Conti, on behalf of defendant McSorley, requested the court find in his favor on the basis that the district justice failed to comply with Pennsylvania Rules of Procedure before District Justices, specifically Rule 1012 entitled "Return by District Justice" stating the following:

"The district justice to whom the writ of certiorari is directed shall, within 10 days after its receipt by him, make return to the writ by transmitting to the prothonotary a certified true copy of the record of the proceedings containing the judgment."

The prothonotary's record in this case at the hearing clearly indicates that District Justice King was served with a copy of the writ of certiorari on January 3, 1985 and the district justice failed to send a certified true copy of the record of the proceedings that were held before him on October 31, 1984. Under the rule District Justice King was required to make this return within 10 days after January 3, 1985.

Because it seems inherently unfair to penalize respondent or plaintiff Associated Textile Systems, Inc. for a failure on the part of District Justice King to comply with District Justice Rule 1012, this court on its own motion called District Justice King to inquire as to why he had not sent a true copy of the record of these proceedings to the court for its review.

The district justice indicated to the court that such a record was available but did not know that he had to send it to the court of common pleas for its review and he would send it within the hour to the court via courier. This court received the certified record of the district justice's transcript together with the attached receipt cards of notification to defendant regarding the proceedings before him. This court marked the exhibit as Court Exhibit "1" and made it part of the record herein.

Attorney Conti, on behalf of defendant McSorley, continued to argue that the violation of Rule 1012 by the district justice was a violation such that it warranted a finding in his favor regarding the writ of certiorari. Mr. Conti was asked to supply the court with whatever law he had that could enlighten this court and never offered the court any suggestion or obtained any law in this regard but decided to stand on the rule as it was written.

Under the circumstances this court views the district justice's failure to send the certified true copy to the court of common pleas within 10 days after he was notified to do so as a rule of direction and not one that would cause the judgment winner to lose his judgment as a result of the district justice's failure.

When the court received the certified copy of the record of the proceedings containing the judgment via courier, the court was then obliged to determine

whether or not jurisdiction had been obtained over defendant prior to the entry of judgment on October 31, 1984 by the district justice.

Court Exhibit "1" indicates that District Justice King notified defendant George McSorley that plaintiff was asking judgment against him for $3,199.40 plus court costs for services rendered and material supplied by Associated Textile System, Inc. The court also told defendant that a hearing was scheduled on October 31, 1984 at 3:00 p.m. in District Justice King's office in Scottdale, Pa., and that he must appear at the hearing and present his defense and if he failed to do so judgment would be entered against him by default. Service of this complaint containing all of this information aforesaid was clearly served on defendant on October 16, 1984 by certified mail no. P440955494, and defendant, George McSorley's signature appeared on the green return receipt card on October 16, 1984.

Lack of jurisdiction of the subject matter and over George McSorley were clearly obtained and the petition for writ of certiorari is not well taken and hence must be denied.